**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GEORGE BURNS, JR., individually, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| DAWN L. DAVIS and ROBERT DAVIS d/b/a | ) | |
| BOBANDDAWNDAVIS.COM; DAWN L. | ) | |
| DAVIS, individually; ROBERT DAVIS, | ) | |
| individually; and DAVIS DESIGNS | ) | |
| ENTERPRISES, INC., an Illinois corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, George Burns, Jr., by and through his undersigned attorneys, for his complaint against defendants Dawn L. Davis and Robert Davis a/k/a Bob Davis, individually and d/b/a bobanddawndavis.com, and Davis Designs Enterprises, Inc. (collectively, the "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for unfair competition and other relief arising under the trademarks laws of the United States, specifically 15 U.S.C. § 1051 *et seq.* (the "Lanham Act"), and the statutes and common law of the State of Illinois.

2.     George Burns, Jr. ("Burns") is an individual residing at 1074 Stockton Court, Aurora, Illinois 60502.  Burns is in the business of event photography.

3.     Defendant Dawn L. Davis ("Dawn Davis") is an individual who, upon information and belief, resides at 917 East Street, Lemont, Illinois 60439.

153374.1

4.    Defendant Robert Davis a/k/a Bob Davis ("Bob Davis") is an individual who, upon information and belief, resides at 917 East Street, Lemont, Illinois 60439.

5.    Upon information and belief, Dawn Davis and Bob Davis manage, operate and benefit from the website, bobanddawndavis.com.

6.    Defendant Davis Designs Enterprises, Inc. ("Davis Designs") is an Illinois corporation with its principal place of business in Chicago, Illinois, is a provider of graphic design services.

## JURISDICTION AND VENUE

7.    This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because the claims of Burns arise under the trademarks laws of the United States.  This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 over the claims of Burns that arise under the laws of the State of Illinois.

8.    This Court has personal jurisdiction over Defendants because they transact business in the State of Illinois and/or have committed a tort in Illinois by wrongfully using and infringing upon Burns' trademarks and/or have committed and is committing unfair acts in this state.

9.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the acts complained of herein occurred in this judicial district and each party is subject to personal jurisdiction in this judicial district.

## The Relationship of the Parties

10.    Burns has worked in the event photography business for his entire career.

11.     As a result of Burns' experience, Burns was engaged or employed by Harpo Studios, Inc. ("Harpo Studios") and named Oprah Winfrey's official photographer in 1996.

12.     In or around April 2005, Burns, Dawn Davis and Bob Davis formed the event photography company, La Storia Foto, Inc. ("La Storia").

13.     Burns was named President of La Storia in or around April 2005, which position he resigned from in June 2010.

14.     Burns was and continues to be entitled to fifty percent (50%) of all profits generated by La Storia.

15.     In or around April 2005, Dawn Davis was named Treasurer and Secretary of La Storia and, upon information and belief, continues to serve in that capacity.

16.     In or around April 2005, Bob Davis was named Vice-President of La Storia and, upon information and belief, continues to serve in that capacity.

17.     The purpose of La Storia's formation was to capitalize on Burns' connections in the entertainment industry through his position as Oprah Winfrey's official photographer and as an employee of Harpo Studios.

18.     La Storia utilized Davis Designs as its exclusive provider of graphic design services at all relevant times.

## THE DEFENDANTS' INFRINGEMENT

19.     Upon information and belief, in 2009, Dawn Davis and Bob Davis began operating a separate event photography business through the website bobanddawndavis.com.

20.     On the website of bobanddawndavis.com, Dawn Davis and Bob Davis made certain representations about bobanddawndavis.com's involvement with Burns and La Storia.

21.     Dawn Davis and Bob Davis showcased La Storia's projects and clients on bobanddawndavis.com without Burns' permission, and in spite of the fact that Burns was not a partner or employee of bobanddawndavis.com, and was not otherwise affiliated with bobanddawndavis.com.

22.     The bobanddawndavis.com website listed Burns as one of its photographers without Burns' permission, and in spite of the fact that Burns was not a partner or employee of bobanddawndavis.com, and was not otherwise affiliated with bobanddawndavis.com.

23.     Dawn Davis and Bob Davis showcased Burns' photographs on their website at bobanddawndavis.com without Burns' permission, and in spite of the fact that Burns was not a partner or employee of bobanddawndavis.com, and was not otherwise affiliated with bobanddawndavis.com.

24.     Dawn Davis and Bob Davis, through bobanddawndavis.com and/or Davis Designs, generated business leads and revenues by representing certain business involvements with Burns and La Storia.

25.     Burns and La Storia were never compensated for the business leads and revenues realized by Dawn Davis, Bob Davis, bobanddawndavis.com and/or Davis Designs.

26.     Dawn Davis and Bob Davis, as officers of La Storia and partners with Burns, failed to account to La Storia and to Burns the revenues realized through bobanddawndavis.com.

27.     Dawn Davis and Bob Davis, as officers of La Storia and partners with Burns, failed to account to La Storia and to Burns the revenues realized through Davis Designs.

## FIRST CLAIM FOR RELIEF

## FEDERAL UNFAIR COMPETITION

28.     Burns repeats and re-alleges each and every allegation contained in paragraphs 1-27 of the complaint as though fully set forth herein.

29.     Defendants' acts as alleged herein constitute false designation of origin, unfair competition and false advertising in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

30.     Defendants falsely represented and continue to falsely represent to Burns' customers and potential customers that Defendants are partners with Burns in Burns' event photography business in order to sell and/or substitute their own services and products even though Burns is no longer affiliated with Defendants.

31.     Defendants falsely represented and continue to falsely represent to Burns' customers and potential customers that Defendants produced certain photographs as part of their services in order to sell and/or substitute their own services and products even though Burns produced said photographs.

32.     Defendants' conduct is likely to cause and is causing confusion, mistake, and deception among a substantial portion of the intended audience (i.e., Burns' potential customers) as to an affiliation, connection or association between Defendants and Burns.

33.     Burns is informed and believes, and based thereon, alleges that Defendants will continue to violate the rights of Burns unless enjoined from doing so.  Burns has been and continues to be irreparably injured as a result of Defendants' infringing activities, and has no adequate remedy at law. Burns is therefore entitled to a permanent injunction against further infringing conduct by Defendants.

34.     Defendants have profited and are profiting by such infringement and Burns has been and is being damaged by such infringement. Burns is therefore entitled to recover Defendants' profits, damages sustained by Burns, and the costs of this action in an amount to be proved at trial as a consequence of Defendants' infringing activities.

35.     This is an exceptional case and pursuant to 15 U.S.C. § 1117(a), Burns should be awarded his reasonable attorneys fees.  Burns is also entitled to, among other things, the cost of corrective advertising.

<u>SECOND CLAIM FOR RELIEF</u>

**DECEPTIVE TRADE PRACTICES UNDER STATE LAW**
**[ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT,**
**815 ILCS 510/1 *et seq.*]**

36.     Burns repeats and re-alleges each and every allegation contained in paragraphs 1-35 of the complaint as though fully set forth herein.

37.     Defendants have engaged in deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.*, because they have:  (1) passed off goods or services as those of Burns'; (2) caused a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services; (3) caused a likelihood of confusion or misunderstanding as to affiliation, connection, or association with or certification between Defendants and Burns; or (4) represented that goods or services have sponsorship or approval by Burns that they do not have.

38.     Defendants' continued marketing of themselves to the public as a partner of Burns' and/or as a producer of Burns' photographs is a deceptive act because it is a representation of a sponsorship, approval, affiliation and connection that Defendants do not have with Burns.

39.     Defendants' deceptive acts have caused and are likely to cause in the future a confusion and/or misunderstanding as to the sponsorship, approval, affiliation and connection of Defendants and Burns and also serves to dissuade potential customers from purchasing products and services directly from Burns.

40.     Burns has suffered, is suffering, and will continue to suffer irreparable harm and injury for which Burns has no adequate remedy at law.   Burns is therefore entitled to a permanent injunction against further unfair conduct by Defendants, pursuant to 815 ILCS 510/3.

41.     Defendants' actions were committed willfully, and as such, Burns is entitled to costs and attorneys' fees as provided for in 815 ILCS 510/3.

## THIRD CLAIM FOR RELIEF

**CONSUMER FRAUD AND DECEPTIVE BUSINESS
PRACTICES UNDER STATE LAW
[ILLINOIS CONSUMER FRAUD AND DECEPTIVE
BUSINESS PRACTICES ACT, 815 ILCS 505/2]**

42.     Burns repeats and re-alleges each and every allegation contained in paragraphs 1-41 of the complaint as though fully set forth herein.

43.     Defendants' acts as alleged herein constitute unfair methods of competition and unfair or deceptive acts or practices including the use of deception, fraud, false pretense, false promise, or misrepresentation, which Defendants knew or should have known, thereby impairing the goodwill of Burns and otherwise adversely affecting the business and reputation of Burns. These acts constitute unlawful practices under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

44.     Defendants have engaged in deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.,* because they have:  (1) passed off goods or services as those of Burns; (2) caused a likelihood of confusion or of

misunderstanding as to the source, sponsorship, approval, or certification of goods or services; (3) caused a likelihood of confusion or misunderstanding as to affiliation, connection, or association with or certification by Burns; and (4) represented that goods or services have sponsorship or approval by Burns that they do not have. These acts constitute unlawful practices under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

45.     Burns has suffered, is suffering, and will continue to suffer irreparable harm and injury for which Burns has no adequate remedy at law. Burns is therefore entitled to a permanent injunction against further unfair conduct by Defendants, in addition to actual damages, attorneys' fees, and costs of bringing this action, and any other relief deemed proper by the Court, pursuant to 815 ILCS 505/10a.

## FOURTH CLAIM FOR RELIEF

### UNFAIR COMPETITION UNDER STATE LAW
### [ILLINOIS COMMON LAW]

46.     Burns repeats and re-alleges each and every allegation contained in paragraphs 1-45 of the complaint as though fully set forth herein.

47.     Defendants' acts as alleged herein constitute methods of unfair competition, and as such, are actionable under Illinois common law.

## FIFTH CLAIM FOR RELIEF

### TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS
### [ILLINOIS COMMON LAW]

48.     Burns repeats and re-alleges each and every allegation contained in paragraphs 1-47 of the complaint as though fully set forth herein.

49.     Burns had a reasonable expectation of valid business relationships with third-party customers and distributors who would purchase its products.

50.     Defendants knew of Burns' expectancy to enter into valid business relationships with third-party customers and distributors who would purchase Burns products and services.

51.     Defendants intentionally interfered with those prospective business relationships by falsely claiming to prospective customers that Defendants continued to work in a partnership with Burns, which induced Burns' potential customers to not enter into business relationships with Burns.  Upon information and belief, Defendants have engaged in additional conduct designed to interfere with Burns' prospective business relationships.

52.     As a direct result of Defendants' intentional and unjustifiable interference with Burns' prospective business relationships, Burns' expectancy of entering into business relationships with these potential customers never ripened into valid business relationships.

53.     Defendants' conduct was wrongful and without privilege.

54.     This interference by Defendants damaged and continues to damage Burns because potential customers are dissuaded from purchasing products and services directly from Burns.

## SIXTH CLAIM FOR RELIEF

### BREACH OF FIDUCIARY DUTIES

55.     Burns repeats and re-alleges each and every allegation contained in paragraphs 1-54 of the complaint as though fully set forth herein.

56.     As officers and directors of La Storia, Dawn Davis and Bob Davis owe La Storia and Burns fiduciary duties, including the duty of loyalty, and may not usurp La Storia's corporate opportunities to and for themselves, or to and for their wholly-owned entities such as Davis Designs.

57.     All revenue and opportunities generated from La Storia's contacts and relationships, or its affiliates or subsidiaries are the property of La Storia.

58.     Upon information and belief, La Storia owns at least one telephone number, as well as one subsidiary or affiliate, a second wedding and event photography company listed under Dawn Davis and Bob Davis, personally, as bobanddawndavis.com.

59.     Dawn Davis and Bob Davis have usurped La Storia's opportunities to sell its goods and services by participating in those events, themselves, without authority from La Storia, and without accounting to La Storia for any income and expenses associated with such events.

60.     Dawn Davis and Bob Davis, through Davis Designs, have usurped La Storia's opportunities to sell its services by accounting for the sale of said services directly to Davis Designs and not through La Storia as required.

61.     Upon information and belief, Dawn Davis and Bob Davis intend to continue usurping La Storia's opportunities relating to event photography by continuing to sell their own services and goods in future events on their own account and without authority from La Storia.

62.     Dawn Davis and Bob Davis have retained property which they purchased on behalf of La Storia.  Dawn Davis and Bob Davis have not returned or paid for any of La Storia's property, and continues to use, depreciate and destroy La Storia's property for their own account and benefit by booking events related to photography which incorporate La Storia's property.

63.     Dawn Davis and Bob Davis have breached their fiduciary duties owed to La Storia and Burns as La Storia's officers and directors by usurping event photography opportunities that rightfully belonged to La Storia, and by taking and using property owned by La Storia on their own account.

64.     As a direct and proximate result of Dawn Davis and Bob Davis' actions, Burns has been damaged by loss of event photography opportunities, loss of the value of property

wrongfully usurped by Dawn Davis and Bob Davis for their own uses, and loss of the profits wrongfully attributed to Davis Designs and thus usurped by Dawn Davis and Bob Davis, individually and d/b/a bobanddawndavis.com and by Davis Designs.

## PRAYER FOR RELIEF

WHEREFORE, Burns prays for judgment that:

1. Defendants and their officers, agents, servants, distributors, affiliates, employees, attorneys, and representatives, and all those in privity or acting in concert with Defendants or on their behalf, be permanently enjoined and restrained from, directly or indirectly:

    (a) Falsely designating the origin, sponsorship, or affiliation of Defendants' products;

    (b) Otherwise unfairly competing with Burns in any manner;

    (c) Using any words, names, styles, designs, titles, or marks that create a likelihood of injury to the business reputation of Burns;

    (d) Using any trade practices whatsoever including those complained of herein, which tend to unfairly compete with or injure the business of Burns and goodwill pertaining thereto; and

    (e) Continuing to perform in any manner whatsoever any of the acts complained of in this complaint;

2. That Defendants be ordered to pay to Burns the compensatory damages sustained by Burns in consequence of the unlawful acts alleged herein;

3. That Defendants be ordered to pay Burns punitive damages as a consequence of the willful and wanton acts alleged herein;

4.     That Defendants be required to account for and pay over to Burns all gains, profits, and advantages derived by it from the unlawful activities alleged herein, and/or as a result of unjust enrichment;

5.     That Defendants be required to pay to Burns all of its litigation expenses, including, but not limited to, reasonable attorneys' fees and the costs of this action;

6.     That Defendants pays to Burns the costs of corrective advertising;

7.     That the Court award such other and further relief as the Court deems just and proper under the circumstances;

8.     The assets, including intellectual property of La Storia, to be distributed proportionately amongst Burns, Dawn Davis and Bob Davis; and

9.     That La Storia be dissolved equitably amongst Burns, Dawn Davis and Bob Davis.

## DEMAND FOR A JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff respectfully demands a trial by jury of all issues triable by a jury.

Dated: February 23, 2011                    Respectfully submitted,


GEORGE BURNS, JR.

By: _____/s/ S. Patrick McKey_____
        One of His Attorneys

        S. Patrick McKey (ARDC No. 6201588)
        Donald A. Cole (ARDC No. 6299318)
        Bryan Cave LLP
        161 North Clark Street
        Suite 4300
        Chicago, Illinois  60601
        (312) 602-5000 – Telephone
        (312) 602-5050 – Facsimile